UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN SMITH HAGER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERTRUE, INCORPORATED and ADAPTIVE MARKETING, LLC,<br><br>Defendants. | Civil Action No. 1:09-cv-11245-GAO |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Vertrue, Incorporated ("Vertrue") and Adaptive Marketing, LLC ("Adaptive") (collectively "Defendants") answer plaintiff's Amended Complaint as follows:

**Nature of this Case**

1.   Defendants deny the allegations in paragraph 1.

2.   Defendants deny the allegations in paragraph 2.

3.   Defendants deny the allegations in paragraph 3.

4.   Defendants deny the allegations in paragraph 4.

5.   Defendants admit that on May 28, 2009, Sen. Rockefeller announced that the Senate Commerce Committee had begun an "investigation into certain e-commerce marketing practices." Defendants further admit that Sen. Rockefeller sent a letter to Vertrue on May 27, 2009 requesting certain information and documents regarding Vertrue's business, and state that the letter speaks for itself. Defendants deny the remaining allegations in paragraph 5.

1

6.     Defendants admit that the Better Business Bureau in the normal course of its business created reports regarding Vertrue and Adaptive, and state that the reports speak for themselves.  Defendants deny the remaining allegations in paragraph 6.

7.     Defendants admit that the Washington state Attorney General sent a letter dated July 27, 2009 to the Federal Trade Commission, and state that the letter speaks for itself.  Defendants deny the remaining allegations in paragraph 7.

8.     Paragraph 8 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 8.

## Jurisdiction and Venue

9.     Paragraph 9 of the Complaint states conclusions of law to which no response is required.

## Parties

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of whether plaintiff is a citizen and resident of Massachusetts.  Defendants deny the remaining allegations in paragraph 10.

11.    Defendants admit that Vertrue is a corporation established under the laws of the State of Delaware with its corporate headquarters in Norwalk, Connecticut.  Defendants deny the remaining allegations in paragraph 11.

12.    Defendants admit that Adaptive is a limited liability company established under the laws of Delaware with its corporate headquarters in Norwalk Connecticut.  Defendants further admit that some Adaptive departments are located in the same building as Vertrue.  Defendants deny the remaining allegations in paragraph 12.

13. Defendants admit that Adaptive does business throughout the United States, except it does no marketing in Alaska and Hawaii. Adaptive further admits that it does business through various websites, including privacymatters.com, privacymatters123.com, athomerewards-program.com, yoursavingsclub-program.com, and membershipme.com. Defendants deny the remaining allegations in paragraph 13 of the Complaint.

## Operative Facts

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17, except admit that Adaptive's Privacy Matters programs offer various credit report and privacy protection services to consumers.

18. Defendants admit that Vertrue's indirect subsidiary, Adaptive, markets Privacy Matters Identity, which provides consumers with various identity protection tools. Further responding, Defendants state that the Privacy Matters Identity offer speaks for itself. Defendants deny the remaining allegations in paragraph 18.

19. Defendants admit that Adaptive markets Privacy Matters 1-2-3. Further responding, Defendants state that the Privacy Matters 1-2-3 offers speak for themselves. Defendants deny the remaining allegations in paragraph 19.

20. Defendants admit that Adaptive markets various membership programs to consumers. Defendants deny the remaining allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants admit that plaintiff contacted Adaptive requesting refunds. Defendants deny the remaining allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants admit that Hager enrolled in Privacy Matters 1-2-3 and Privacy Matters Identify, but not on May 1, 2008, and that she provided her name, a credit card number, and expiration date to complete the enrollment.

27. Defendants deny the allegations in paragraph 27.

28. Defendants state that the At Home Rewards offer speaks for itself. Defendants deny the remaining allegations in paragraph 28.

29. Defendants admit that the credit card Hager provided was charged $1.00 for At Home Rewards on the dates set forth in paragraph 29. Defendants deny the remaining allegations in paragraph 29.

30. Defendants admit that the credit card Hager provided was charged $29.95 for membership fees in At Home Rewards on the dates set forth in paragraph 31. Defendants deny the remaining allegations in paragraph 30.

31. Defendants admit that the credit card Hager provided was charged $1.00 for membership fees in Your Savings Club on the dates set forth in paragraph 31. Further

responding, Defendants state that the Your Savings Club offer to consumers speaks for itself. Defendants deny the remaining allegations in paragraph 31.

32.     Defendants admit that the credit card Hager provided was charged $19.95 for membership fees in Savings Ace on the dates set forth in paragraph 32.  Further responding, Defendants state that the Savings Ace offer to consumers speaks for itself.  Defendants deny the remaining allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants admit that Hager contacted Adaptive by telephone on at least one occasion regarding her enrollment in the membership program.  Defendants further state that Hager's membership in At Home Rewards was cancelled on April 1, 2009, and her memberships in Your Savings Club and Savings Ace were cancelled on June 5, 2009.  Defendants deny the remaining allegations in paragraph 34.

35.     Defendants deny the allegations in paragraph 35.

## Class Action Allegations

36.     Defendants admit that plaintiff purports to bring her claim as a class action, but deny that class certification is appropriate in this case.  Defendants deny the remaining allegations in paragraph 36.

37.     Paragraph 37 sets forth exclusions from plaintiff's proposed class definition which requires no response.

38.     Defendants admit that plaintiff purports to bring her claim as a class action, but deny the allegations of sub-paragraphs a-g of paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39.

## FIRST CAUSE OF ACTION
**(Violation of Massachusetts Unfair Trade Practices Act, Mass. Gen. Laws c. 93A)**

40. Defendants restate and incorporate by reference their responses to the allegations contained in paragraphs 1 through 39.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

## SECOND CAUSE OF ACTION
**(Unjust Enrichment)**

45. Defendants restate and incorporate by reference their responses to the allegations contained in paragraphs 1 through 44.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

## FIFTH CAUSE OF ACTION
**(Declaratory Relief Pursuant to 28 U.S.C. §§ 2201 *et seq.*)**

51. Defendants restate and incorporate by reference their responses to the allegations contained in paragraphs 1 through 50.

52. Paragraph 52 states conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

### Prayer For Relief

Defendants deny that plaintiff is entitled to any of the relief requested in the Complaint.

### AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses:

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims, in whole or in part, are barred by the statute of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because her rights and obligations are governed by her contract with each membership program.

### Fourth Affirmative Defense

Plaintiff's claim for unjust enrichment is barred by the voluntary payment doctrine.

### Fifth Affirmative Defense

Plaintiff's claim for unjust enrichment is barred because plaintiff has an adequate remedy at law.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Ninth Affirmative Defense

Plaintiff's claims are barred by accord and satisfaction.

### Tenth Affirmative Defense

Plaintiff's claims under Massachusetts General Laws c. 93A are barred by the permitted practices exemption of c. 93A, section 3.

### Eleventh Affirmative Defense

Defendants reserve the right to assert any additional defenses that might come to its attention or might be developed during the pendency of this action.

### JURY CLAIM

Vertrue, Incorporated and Adaptive Marketing, LLC hereby demand a trial by jury on all claims so triable.

 Dated:  October 19, 2009

Respectfully Submitted,
VERTRUE, INCORPORATED;
ADAPTIVE MARKETING, LLC,
Defendants,
By their attorneys:

/s/ *Eric M. Gold*
Donald R. Frederico, BBO #178220
Eric M. Gold, BBO #660393
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
Tel: (617) 310-6000
Fax: (617) 310-6001
fredericod@gtlaw.com
golde@gtlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. first class mail to those indicated as non-registered participants on October 19, 2009.

*/s/ Eric M. Gold*

8